**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Stacey Shanklin, Administrator of the Estate of Charles Shanklin, Deceased, | Case No. 1:26-CV-1096 |
| Plaintiff, | Judge Charles Esque Fleming |
| vs. | **ANSWER OF DEFENDANTS SHAKER HEIGHTS PUBLIC LIBRARY BOARD OF TRUSTEES, AMY L. SWITZER, AND GARY HARRIS TO PLAINTIFF'S COMPLAINT** |
| Shaker Heights City School District, *et al.,* | |
| Defendants. | *(Jury Demand Endorsed Hereon)* |

Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris state the following for their Answer to Plaintiff's Complaint:

1. These Defendants deny the allegations contained in paragraphs 1, 2, and 3 of Plaintiff's Complaint.

2. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

3. These Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

4. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 6, 7, and 8 of Plaintiff's Complaint.

5. These Defendants admit that Defendant Shaker Heights Public Library Board of Trustees is a political subdivision of the State of Ohio. These Defendants also admit that the Shaker Heights Public Library is located at 16500 Van Aken Boulevard, Shaker Heights, Ohio 44120 and

is open to the public. These Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

6.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

7.     These Defendants admit that Defendant Amy L. Switzer is the Director of Shaker Heights Public Library. These Defendants also admit that Defendant Gary Harris served as Security Manager at the Shaker Heights Public Library. These Defendants otherwise lack sufficient information to either admit or deny the allegations contained in paragraphs 11 and 12 of Plaintiff's Complaint.

8.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, and 19 of Plaintiff's Complaint.

9.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

10.     These Defendants deny the allegations contained in paragraphs 21 and 22 of Plaintiff's Complaint.

11.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 23, 24, 25, 26, 27, and 28 of Plaintiff's Complaint.

12.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 29, 30, 31, 32, and 33 of Plaintiff's Complaint.

13.     These Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

14.     These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 35, 36, 37, 38, 39, and 40 of Plaintiff's Complaint.

15. These Defendants deny the allegations contained in paragraphs 41, 42, 43, and 44 of Plaintiff's Complaint.

16. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 45, 46, 47, 48, 49, and 50 of Plaintiff's Complaint.

### FIRST CLAIM FOR RELIEF

17. For their answer to paragraph 51, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 50 of Plaintiff's Complaint.

18. These Defendants state that R.C. § 2125 *et seq.* speaks for itself. Otherwise, these Defendants deny the allegations contained in paragraphs 52, 53, 54, 55, and 56 of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF

19. For their answer to paragraph 57, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 56 of Plaintiff's Complaint.

20. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 58 and 59 of Plaintiff's Complaint.

21. These Defendants deny the allegations contained in paragraphs 60 and 61 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF

22. For their answer to paragraph 62, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 61 of Plaintiff's Complaint.

23. These Defendants deny the allegations contained in paragraphs 63, 64, 65, and 66 of Plaintiff's Complaint.

**FOURTH CLAIM FOR RELIEF**

24. For their answer to paragraph 67, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 66 of Plaintiff's Complaint.

25. These Defendants state that R.C. § 2744.03 speaks for itself. Otherwise, these Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

26. These Defendants deny the allegations contained in paragraphs 69 and 70 of Plaintiff's Complaint.

**FIFTH CLAIM FOR RELIEF**

27. For their answer to paragraph 71, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 70 of Plaintiff's Complaint.

28. These Defendants state that R.C. § 2744.02 speaks for itself. Otherwise, these Defendants deny the allegations contained in paragraphs 72 and 73 of Plaintiff's Complaint.

29. These Defendants deny the allegations contained in paragraphs 74, 75, and 76 of Plaintiff's Complaint.

**SIXTH CLAIM FOR RELIEF**

30. For their answer to paragraph 77, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 76 of Plaintiff's Complaint.

31. These Defendants state that R.C. § 2744.03 speaks for itself. Otherwise, these Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

32. These Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

33. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

34. These Defendants deny the allegations contained in paragraphs 81, 82, and 83 of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF

35. For their answer to paragraph 84, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 83 of Plaintiff's Complaint.

36. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 85, 86, 87, and 88 of Plaintiff's Complaint.

## EIGHTH CLAIM FOR RELIEF

37. For their answer to paragraph 89, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 88 of Plaintiff's Complaint.

38. These Defendants state that 42 U.S.C. § 1983 speaks for itself. Otherwise, these Defendants deny the remaining allegations contained in paragraph 90 of Plaintiff's Complaint.

39. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

40. These Defendants deny the allegations contained in paragraphs 92, 93, 94, 95, 96, 97, 98, and 99 of Plaintiff's Complaint. Otherwise, these Defendants state that the U.S. Constitution speaks for itself.

## NINTH CLAIM FOR RELIEF

41. For their answer to paragraph 100, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 99 of Plaintiff's Complaint.

42. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

5

43. These Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

44. These Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 103 and 104 of Plaintiff's Complaint.

45. These Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

46. These Defendants deny the allegations contained in paragraphs 106, 107, 108, 109, and 110 of Plaintiff's Complaint.

### ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Service of process upon these Defendants was insufficient.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrines of release, estoppel, and waiver of claims.

5. Plaintiff's claims are barred by the doctrines of comparative negligence, contributory negligence, assumption of risk, and primary assumption of risk.

6. Plaintiff's claims are barred by the doctrine of judicial estoppel.

7. Plaintiff's claims are limited and/or barred due to spoliation of evidence.

8. These Defendants are entitled to absolute and/or qualified immunity under Ohio and Federal law.

9. Political subdivisions cannot be liable for punitive damages.

10. The actions of these Defendants fall within an absolute and/or qualified privilege under Ohio and Federal law.

11. Plaintiff's claims for punitive damages are barred by Ohio law and the Ohio and/or the U.S. Constitution.

12. Plaintiff's claims are barred by the intervening and/or superseding conduct of Plaintiff and/or others.

13. Plaintiff's claims are barred because these Defendants' conduct, based on objectively viewed facts and circumstances, did not violate Plaintiff's clearly established constitutional rights.

14. Plaintiff's claims are barred, in whole or in part, by statutory defenses and/or limitations applicable in determining proportionate fault and/or determining compensatory damages, including defenses and limitations contained under R.C. § 2307 *et seq*. and R.C. § 2315 *et seq*.

15. Plaintiff's alleged injuries and damages are the proximate results of acts or omissions of other parties not currently named in this case, but against whom these Defendants will seek an allocation of fault at trial.

16. Plaintiff's claims are barred and/or limited by the statutory or common law doctrines of set-off, collateral estoppel, contribution, and/or indemnity. These Defendants reserve their right to set-off any money Plaintiff receives from other sources against any alleged damages in this case.

17. Plaintiff's claims are barred by R.C. § 2744 *et seq*.

18. Plaintiff has failed to join necessary and indispensable parties to this litigation.

7

WHEREFORE, having fully answered, Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris demand judgment upon Plaintiff's Complaint, plus their costs incurred herein.

Respectfully submitted,

/s/ Kenneth A. Calderone
Kenneth A. Calderone (0046860)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324
Facsimile:   (330) 670-7440
Email:  kcalderone@hcplaw.net
*Attorney for Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris*

## JURY DEMAND

Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris hereby demand a full trial by jury on all issues in this matter.

/s/ Kenneth A. Calderone
Kenneth A. Calderone (0046860)
*Attorney for Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Answer of Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris to Plaintiff's Complaint* has been sent this 12th day of May, 2026, by electronic and/or regular U.S. Mail, postage prepaid, to the following:

Myron P. Watson, Esq.
Watson Kuhlman, LLC
Email:  myronwatson@kuhlwat.com
*Attorney for Plaintiff*

Shaker Heights City School District
15600 Parkland Drive
Shaker Heights, OH  44120
*Defendant*

City of Shaker Heights
3400 Lee Road
Shaker Heights, OH  44120
*Defendant*

Dr. David Glasner
15600 Parkland Drive
Shaker Heights, OH  44120
*Defendant*

*/s/  Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
*Attorney for Defendants Shaker Heights Public Library Board of Trustees, Amy L. Switzer, and Gary Harris*

4917-2519-5179, v. 1

9